UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG CLAUSEN AND JOANIE CLAUSEN,
AS TRUSTEES ON BEHALF OF THE
CLAUSEN TRUST, JOANIE S. CLAUSEN
REVOCABLE TRUST U/A DATED APRIL
29, 2003, and as ASSIGNEE OF ASSUREDPARTNERS
OF FLORIDA, LLC d/b/a DAWSON OF FLORIDA,

    Plaintiffs,                          Case No. 20-11193
v.                                      Hon. Denise Page Hood

BURNS & WILCOX, LTD.

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [ECF NO. 53]

Before the Court is Plaintiffs', Doug Clausen and Joanie Clausen as trustees on behalf of the Clausen Trust, Joanie S. Clausen Revocable Trust U/A Dated April 29, 2003, as Assignee of AssuredPartners of Florida, LLC d/b/a Dawson of Florida, Motion to Strike Defendant, Burns and Wilcox's ("B&W"), Affirmative Defenses. [ECF No. 53]. The motion is fully briefed and ready for disposition. For the reasons stated herein, Plaintiff's motion is DENIED.

On August 22, 2019, Plaintiffs filed an eight-count Complaint against B&W and US-Reports, Inc. ("US-Reports") in the Middle District of Florida, Tampa Division. [ECF No. 1]. Plaintiffs' Complaint arises out the Defendants' alleged

negligence in valuing and insuring Plaintiffs' residential property located at 10279 Gulf Shore Drive, Naples, Florida 34108. [ECF No. 53, PageID.679]. B&W served as the broker on behalf of AssuredPartners ("Assured") and the Clausen Trust for an insurance policy issued by Lexington Insurance Company to the Clausen Trust. *Id*. Assured relied on B&W to advise Assured and the Clausen Trust as to the appropriate amount of insurance coverage for the property and the contents/personal property contained therein. *Id*. at PageID.680. B&W issued a recommendation to Assured to reduce the amount of insurance coverage provided to the Clausen Trust for the property. *Id*.

On May 6, 2014, the property was involved in a fire that "damaged a large portion of the Property and its roof and resulted in significant structural damage, as well as extensive petroleum smoke and soot damage to both the Property and its contents." [ECF No. 1, PageID.7]. Plaintiff alleges that B&W's recommendation to reduce the amount of insurance coverage resulted in the property being significantly underinsured, which caused a coverage gap of about $3,000,000. [ECF No. 53, PageID.680]. Plaintiffs' lawsuit against Assured resulted in a confidential settlement. *Id*. at PageID.681. As part of the settlement, Plaintiffs allege that Assured assigned them all its claims against B&W and US-Reports but did not delegate any of its responsibilities. *Id*.

Upon transferring the case, Judge Tom Barber granted in part and denied in part B&W's motion to dismiss for improper venue and for failure to state a claim upon which relief may be granted. [ECF No. 2, PageID.43]. Specifically, Judge Barber granted the motion to the extent that the case would be transferred to the Eastern District of Michigan and otherwise denied the motion without prejudice. *Id*. On June 3, 2020, US-Reports filed a motion to dismiss. [ECF No. 7]. B&W renewed its motion to dismiss before this Cour on July 2, 2020. [ECF No. 14]. This Court granted US-Reports' motion to dismiss, leaving B&W as the lone defendant. [ECF No. 44]. Further, the Court granted in part and denied in part B&W's motion to dismiss, dismissing Count III and leaving Counts I, II, V, VI, and VII. [ECF No. 45, PageID.618].

B&W filed an Answer to Complaint with Affirmative Defenses. [ECF No. 50]. Plaintiffs now seek to strike all of B&W's affirmative defenses.[1] [ECF No. 53]. Plaintiffs argue that all of B&W's affirmative defenses are legally or factually deficient. [ECF No. 53, PageID.681].

Federal Rule of Civil Procedure 12(f) governs motions to strike, stating,

---

[1] B&W concedes that this Court has already ruled on B&W's Motion to Dismiss and therefore will accede to the dismissal of its second affirmative defense which states "plaintiffs fail to state a cause of action upon which relief can be granted." [ECF No. 50, PageID.649; ECF No. 55, PageID.713].

3

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "An allegation is considered 'impertinent' or 'immaterial' if it is not relevant to the issues in the action. Scandalous generally refers to any allegation that unnecessarily attacks the moral character of an individual or uses offensive language that undermines the dignity of the court." *Sizzling Black Rock Steak H. Fran., Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2023 WL 3676941 at 5 (E.D. Mich. May 26, 2023) *quoting Neal v. City of Detroit*, No. 17-13170, 2018 WL 1399252, at 1 (E.D. Mich. Mar. 19, 2018) (internal quotation marks omitted). "Generally, however, a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent or if it raises factual issues that should be determined on a hearing on the merits." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) *quoting Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, at 2 (E.D. Mich. Nov. 1, 2010.

The Sixth Circuit has consistently held that "[m]otions seeking to strike an affirmative defense are disfavored and should be used sparingly." *Id*. "The motion to strike should be granted only when the affirmative defense is not relevant to the dispute and has no possible relation to the controversy." *Id*. *quoting Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

4

The Sixth Circuit has also consistently declined to apply the *Twombly-Iqbal* plausibility standard to affirmative defenses. Instead, the court applies a fair notice pleading standard that corresponds with the Federal Rules of Civil Procedure. *Sizzling Clack Rock Steak H. Fran., Inc.*, 2023 WL 3676941 at 8. The fair notice pleading standard requires that affirmative defenses give plaintiff fair notice of the nature of the defense and contains a level of detail that the courts have found to provide sufficient notice of a basis. *Id*. at 7. An affirmative defense meets the requirements of Rule 8(b)-(c) if, in short and plain terms, it provides adequate notice to the plaintiff regarding the nature of the defense. *Id*. at 8 *quoting ZMCC Properties, LLC v. Primone Ins. Co.*, No. 19-12428, 2019 WL 11648517, at 2 (E.D. Mich. Dec. 19, 2019).

Plaintiffs motion to strike applies the wrong standard to B&W's affirmative defenses. Plaintiffs attempt to hold B&W's affirmative defenses to the same pleading standard required for Plaintiffs' complaint. However, facts and details to support B&W's potential defenses are not necessary at this time. Plaintiffs' extensive arguments related to B&W's affirmative defenses lend support to their relevance to this matter and Plaintiff has made no arguments that it has not been fairly put on notice of B&W's potential defenses. *See Sizzling Black Rock Steak H. Fran., Inc.*, 2023 WL 3676941 at 8 (One sentence defenses are sufficient to fairly give notice of the nature of the defense because they are used often, familiar to

average practitioners, and simply mean that plaintiff waited too long to file suit.). Plaintiffs' arguments are simply not appropriate at this time.

Fraud as an affirmative defense.

The Court is aware that B&W's fifth affirmative defense states that Plaintiffs' insurance policy may have been obtained by fraud and Rule 9(b) requires fraud to be pled with particularity. The Court is further aware of the dicta in Big-Star Horizons, Inc. v. Penn-Star Ins. Co., No. 2:20-CV-12534, 2021 WL 940913 (E.D. Mich. Mar. 11, 2021). However, this Court disagrees with Rule9(b)'s application to fraud as an affirmative defense. To apply Rule 9(b) to fraud as an affirmative defense would contradict the pleading standard set forth in Rule 8(b)-(c) which merely requires that affirmative defenses be pled in short and plain terms.

In light of the foregoing,

IT IS SO ORDERED that Plaintiffs' Motion to Strike Defendant's Affirmative Defenses [ECF No. 53] is DENIED.

IT IS FURTHER ORDERED that the parties will proceed in accordance with the Stipulated Order Modifying Scheduling Order [ECF No. 71].

SO ORDERED.

                                              s/Denise Page Hood_____
                                              Denise Page Hood
                                              United States District Judge

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 30, 2024, by electronic and/or ordinary mail.